**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

LEVONE JONES, # 365-534    *
    Plaintiff
                                        *    CIVIL ACTION NO. AW-12-cv-439
    v.
                                        *
SGT ARNOLD McDONALD,
OFC. RICHARD GUTIRREZ    *
    Defendants
                                        *****

**MEMORANDUM**

Pending is a civil rights complaint filed by self-represented Plaintiff Levone Jones ("Jones"), who is an inmate at Western Correctional Institution. Defendants Sgt. Arnold McDonald ("McDonald") and Officer Richard Gutierrez ("Gutierrez"),[1] by their counsel, have filed a Motion to Dismiss and or for a More Definite State (ECF No. 11).[2] Jones filed a response in opposition (ECF No. 13) and a Motion for Summary Judgment (ECF No. 23) to which Defendants filed a Response in Opposition and Cross Motion for Partial Summary Judgment.[3] ECF No. 24. After carefully considering the record, exhibits, and applicable law, this Court deems a hearing unnecessary. *See* Local Rule 105.6 (Md. 2011). For reasons to follow, McDonald's Motion for Summary Judgment (ECF No. 23) will be denied. Defendants' Cross Motion for Partial Summary Judgment (ECF No. 24) will be granted. Defendants will be granted twenty-eight day to submit additional dispositive pleadings addressing Jones' remaining

---

[1] Defendants' pleadings show Richard Gutirrez's last name spelled as "Gutierrez." *See e.g.* ECF No. 24, Ex. 3, affidavit of Richard Gutierrez. This Court will direct the Clerk to amend the docket accordingly.

[2] Defendant's Motion to Dismiss or for a More Definite Statement will be dismissed without prejudice. The Complaint initially indicated the date of arrest and the alleged assault was September 19, 2012. ECF No. 1. This appears to have been in error because the Complaint filed on February 2, 2012. *See id.* Jones later provided the date of the incident as September 19, 2009. ECF No. 23 at 1.

[3] Jones also filed Motions for Appointment of Counsel. ECF Nos. 6 and 26. Because Jones provides no exceptional circumstances to warrant appointment of counsel under 28 U.S. C. § 1915, the Motions will be denied by separate Order.

claim.[4]

## BACKGROUND

Jones claims that incident to his arrest on September 19, 2009 for burglary at 220 E. University Parkway in Baltimore, he was "punched and pulled over in the floor while other officers had guns drawn and Officer Gutirrez and other [sic] began to stomp me and punch me in the face." ECF No. 1 at 8; ECF No. 23 at 1.  Jones states he was handcuffed during the assault which took place behind a closed door.  ECF No. 23 at 2-3.  Jones states he was taken to the emergency room at Sinai Hospital for treatment of his resulting neck, back, and head injuries.  His face was swollen and his mouth bloodied.  ECF No. 1.  Jones asserts Defendants violated his rights under Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and he asks for money damages as relief. ECF No. 1 at 8; ECF No. 23 at 4.

Defendants' Motion in Opposition and Cross Motion for Partial Summary Judgment (ECF No. 24) and exhibits provide additional information.  The residence where Jones was discovered was owned by Defendant McDonald ("McDonald"), who at that time was a sergeant with the Baltimore City Police Department.[5] After he was advised of a possible break-in, McDonald investigated and found his front door frame broken.  *See* ECF No. 24. Ex. 1, Affidavit of Arnold McDonald.   He heard someone, later identified as Jones, moving inside the house. *See id*. at ¶ 3. McDonald called 911 and police officers were dispatched. *See id.*  Jones then came down the stairs carrying a bag on his shoulder which contained McDonald's property.  *See id*. at ¶ 4; *see also* Ex. 2, Incident Report.  When the officers attempted to arrest Jones, he refused to comply, and a struggle ensured.  Jones was taken to the ground, handcuffed, and arrested by

---

[4]  Jones shall have an opportunity to reply to any additional pleadings submitted by Defendants.

[5]  McDonald was working a second job at nearby Union Memorial Hospital and was informed by a nurse who had observed a "b/m kick in the front door of his [McDonald's] house."  ECF No. 25, Ex. 2.

Gutierrez.  *See id*, Ex. 3, ¶ 4, Ex. 1 ¶¶ 4-5.

Defendants dispute Jones' claims that he was punched and subjected to any other physical force other than taken to the ground and handcuffed.  ECF No. 24 at 3, Ex. 1, Ex. 3 ¶¶ 4-5.  In his affidavit, Gutierrez denies beating, kicking, punching or stomping Jones.  Ex. 3 ¶ 4.  In his affidavit, McDonald attests that "[a]t no time while at my house was Mr. Jones punched, kicked, or stomped by anyone."  ECF No. 24, Ex. 1 ¶ 6.  McDonald further attests that "[c]ontrary to Mr. Jones allegations, I did not order my front door to be shut, nor did I order any police officers to physically harm Mr. Jones…." *Id*. at ¶ 7.  Defendants further assert the police used only the force reasonably necessary to arrest Jones.  *See id*, Ex. 1 ¶ 5, Ex. 3, ¶ 4.

After Jones was arrested and taken to the Northern District for questioning, he complained of lower back pain and was transported to Sinai Hospital in Baltimore for treatment. *See id*, Ex. 2.  On September 30, 2010, Jones pleaded guilty to first-degree burglary.  ECF No. 24, Ex. 4.  He was sentenced to twenty years imprisonment with ten years suspended. *See id.*

### STANDARD OF REVIEW

Summary judgment is governed by Fed. R. Civ. P. 56(a) which provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion: "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.,* 477 U. S. 242, 247-48 (1986) (emphasis in original). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his]

pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The Court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 644-45 (4th Cir. 2002). The Court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## DISCUSSION

As noted, Jones claims Defendants violated his rights under the Fifth, Eighth, and Fourteenth Amendments. "The Due Process Clause of the Fifth Amendment applies on to the conduct of the United States or a federal action. *See Solis v. Prince George's County*, 153 F. Supp. 2d 793, 803 (D. Md. 2001) citing *Daniels v. Williams*, 474 U.S. 327 (1986); *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir.2000). Plaintiff does not claim any evidence of federal involvement. Accordingly, Jones' Motion for Summary Judgment shall be denied and summary judgment entered in favor of Defendants as to this claim.

Jones' claim of a violation of the Eighth Amendment is predicated on an incident (his arrest) which occurred prior to his formal adjudication of guilt. "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. " *Ingraham v Wright*, 430 U.S. 651, 671, n. 40 (1977). This is because "the States does not acquire the power to punish with which the Eighth

Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Id*; *see also Graham v Connor,* 490 U.S. 386, 393 n. 6 (1989) (stating Eighth Amendment protections do not attach until after conviction and sentence). The Eighth Amendment is not implicated under the facts presented in this case. Accordingly, Plaintiff's Motion for Summary Judgment shall be denied and summary judgment entered in favor of Defendants as to this claim.

Lastly, Plaintiff asserts his rights were denied under the Fourteenth Amendment. The Supreme Court has determined that where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, that Amendment, "not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989). In this case, Jones appears to complain that excessive force was used against him incident to his arrest. While such allegations may give rise to a Fourth Amendment claim, they do not state a claim under the Fourteenth Amendment. *See id.*

Claims of excessive force during an arrest are reviewed under the Fourth Amendment's standard of objective reasonableness. *See Los Angeles County v. Rettele,* 550 U.S. 609, 614 (2007) (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989)).[6] This standard requires a court to balance " the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted). "The factors to consider include (1) the severity of the crime, (2) whether the suspect posed an immediate threat to public safety, and (3) whether the suspect was actively resisting or evading arrest." *Id*. Reasonableness of the officers' actions is "evaluated from the perspective

---

[6] Mindful that Jones is self-represented, this Court has accorded his pleadings liberal construction. *See e.g. Estelle v. Gamble*, 429 U.S. 97  (1976); *Erikson v. Pardus*, 551 U.S. 89, 94, 127 (2007).

of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.  There are genuine issues of fact as to whether Jones was assaulted once he was placed on the ground and secured in handcuffs, what force was in fact applied, and whether the amount of force applied was reasonable under the circumstances.[7]  Accordingly, Plaintiff's Motion for Summary Judgment will be denied as to this claim.  Defendants will be granted twenty-eight days to file additional dispositive pleadings as to this remaining claim.

## CONCLUSION

For these reasons, this Court will deny Plaintiff's Motion for Summary Judgment.  Defendants' Cross-Motion for Partial Summary Judgment will be granted, and the parties shall file additional pleadings as noted herein.


Dated:  January 31, 2013                             /s/
                                       Alexander Williams, Jr.
                                       United States District Judge

---

[7]  Defendants assert the existence of a genuine issue of material fact only for the purpose of opposing Jones' Motion for Summary Judgment, and reserve the right to file an affirmative motive for summary judgment on other grounds.  ECF No. 24 at 7 n. 3.